ON PETITION FOR REHEARING
McCORD, Judge.
This court, by the opinion written by Judge Donald K. Carroll filed April 12, 1973, unanimously reversed the judgment of the trial court. Judge Sam Spector Thereafter, petition for rehearing was concurred in the reversal of the judgment, filed and it was first referred to Judge Carroll who voted to deny same. It was next referred to Judge Spector who by his opinion voted to grant same, to recede from the earlier opinion and to affirm the tidal court. Judge Carroll having subsequently retired from the court for disability, the petition was assigned to me for concurrence in the court’s previous opinion or in Judge Spector’s aforesaid opinion.
Having read the lengthy transcript, the trial court’s final order, the briefs, the petition for rehearing, the response thereto, the original opinion of the court and Judge Spector’s opinion, I am of the view that the petition for rehearing should be denied. I concur in the original opinion of the court.
The respondent tax assessor of Madison County, Florida, did a great amount of work with somewhat limited resources in making and defending his assessment of appellant’s lands. This case primarily resolved itself down to a determination of the yield of pulpwood per acre per year of appellant’s lands. The presumption, as was pointed out in the original opinion, was in favor of the growth rate of the Schu-macher-Coile tables established by the Department of Revenue pursuant to Section 195.032, Florida Statutes, F.S.A. Appellee tax assessor conducted certain tests from which he concluded that appellant’s lands had a much greater growth rate than that obtained by using the Schumacher-Coile tables. It was shown by appellant’s experts, however, that in the tax assessor’s tests he utilized old field plantation tables on wood growth for all the lands. Because these old fields contain residual fertilizer, the growth of pines in them would exceed the growth in other areas. Appellant’s expert witness, forester Phillip J. Moses, checked the trees on appellant’s lands by cutting away tree trunks of various ages. He then determined the tree age from the growth rings and applied the tax assessor’s wood growth rates. Under such growth rates, the trees should have been considerably larger than they were.
While aspersions have been cast upon use of the Schumacher-Coile tables, I am not satisfied with the accuracy of the tax assessor’s results. From the testimony, the Schumacher-Coile results appear to be the more accurate. It would be most helpful in resolving such tax questions on Florida pine lands, however, if the appropriate state agency or agencies with greater resources than are available to tax assessors of relatively small population counties would conduct comprehensive, accurate tests in the counties to determine actual growth rates for pines on the various class *384 es of land on which they are grown. It is unfortunate that we do not have such information available.
It is my view that tax assessor has failed to overcome the presumption of correctness of the standard measures of value established by the Department of Revenue.
I would deny the petition for rehearing.
JOHNSON, J., concurs specially, and SPECTOR, Acting C. J., dissents.